UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-916-JGB (KKx)** | Date | August 24, 2023 |
|---|---|---|---|
| Title | *Rebecca Stone, et al. v. Desiree Renee Walker* | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE |
|---|---|

| RACHEL MAURICE | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER (1) for Defendant and Defendant's Counsel to Show Cause Why Sanctions Should Not be Entered for Failure to Submit a Confidential Settlement Conference Statement, (2) VACATING the August 30, 2023 Settlement Conference, and (3) REFERRING the parties to the Court Mediation Panel**

On December 1, 2022, this matter was referred to the assigned Magistrate Judge for a settlement conference to be completed no later than August 28, 2023. ECF Docket No. ("Dkt.") 28. On February 28, 2023, the Court issued an Order Regarding Settlement Conference, scheduling the settlement conference for May 18, 2023, and ordering the parties to submit Confidential Settlement Conference Statements five court days prior to the date of the settlement conference. Dkt. 29. The parties' confidential settlement briefs were, thus, due on May 11, 2023.

On May 10, 2023, plaintiffs Rebecca Stone and Carlos Antonio Walker ("Plaintiffs") submitted a confidential settlement brief. Defendant Desiree Renee Walker ("Defendant"), however, failed to submit a Confidential Settlement Conference Statement. Hence, on May 12, 2023, the Court issued an Order to Show Cause ("OSC") why Defendant and Defendant's counsel should not be sanctioned for their failure to comply with the Court's Order Regarding Settlement Conference and directed Defendant and Defendant's counsel to file a response to the OSC no later than May 16, 2023. Dkt. 30.

On May 16, 2023, Defendant's counsel filed a declaration in response to the OSC notifying the Court of Defendant's counsel's unavailability for the settlement conference. Dkt. 31. Therefore, on May 17, 2023, the Court issued an order vacating the May 12, 2023 OSC and the May 18, 2023 settlement conference. Dkt. 32. The Court further ordered the parties to contact the assigned Magistrate Judge's courtroom deputy sufficiently in advance of the August 28, 2023 ADR deadline

to arrange a date and time for a continued settlement conference "as soon as Defendant's counsel is prepared to participate in the settlement conference." Id.

On August 10, 2023, the Court approved the parties' Stipulation to continue the ADR deadline to September 29, 2023. Dkt. 36. On August 17, 2023, the parties contacted the assigned Magistrate Judge's chambers via email requesting possible dates for a settlement conference. On the same date, based on counsel's representations regarding their availability, the Court issued an Order Regarding Settlement Conference, scheduling the settlement conference for August 30, 2023, and once again ordering the parties to submit Confidential Settlement Conference Statements five court days prior to the date of the settlement conference. Dkt. 37.

The parties' confidential settlement briefs were, thus, due on August 23, 2023. On August 22, 2023, Plaintiffs submitted a confidential settlement brief. However, once again, the Court has not received a Confidential Settlement Conference Statement from Defendant.

The Court, therefore, ORDERS Defendant and Defendant's counsel Michael Devereux of Wexford Law to show cause why they should not be sanctioned in the amount of $500 each for their repeated failures to comply with the Court's orders. Defendant and Defendant's counsel shall file a response to this Order to Show Cause **no later than Monday, August 28, 2023**.

The Court further VACATES the August 30, 2023 settlement conference. In addition, due to Defendant's failure to comply with the Magistrate Judge's Settlement Conference Orders, this case is hereby referred to the Court Mediation Panel. **Within seven (7) days of the date of this Order**, Defendant shall (a) obtain the consent of a neutral on the Court Mediation Panel who will conduct the mediation and (b) file Form ADR-2, Stipulation Regarding Selection of Panel Mediator. If the parties have not selected and obtained the consent of a Panel Mediator **within seven (7) days**, the ADR Program (213-894-2993) will assign one. Forms and a list of Panel Mediators are available on the Court website, www.cacd.uscourts.gov. The parties are warned that failure to comply with this order may result in sanctions.

**IT IS SO ORDERED.**

cc: Honorable Jesus G. Bernal